IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
SEP 19 2016
CLERK, US DISTRICT COURT
NORFOLK, VA

DONNA SPINELLI,

    Plaintiff,

v.                                       Civil Action No. 2:16cv566

                                          PLAINTIFF DEMANDS JURY TRIAL

CMA CGM S.A.,

    SERVE:     CMA CGM S.A
                       4, Quai d'Arenc
                       Marseille, Provence-Alpes-Côte
                       d'Azur 13235

    Defendant.

## COMPLAINT

COMES NOW the plaintiff, Donna Spinelli ("Spinelli"), by counsel, and for her complaint against the defendant, CMA CGM S.A. ("CMA France"), states as follows:

### Nature of the Action

1.     This is an action at law for defamation and defamation *per se*.

### Parties

2.     Plaintiff is a natural person and citizen of the Commonwealth of Virginia. Prior to the events giving rise to this lawsuit, Spinelli enjoyed a distinguished reputation in the community at large and an unblemished professional reputation in the commercial shipping industry in which she has been employed locally for approximately 25 years. The plaintiff is, and at all times referred to in this Complaint was, an employee of CMA-CGM (America), LLC ("CMA America").

3. CMA France is a corporation headquartered and organized in the country of France, with its principal place of business being in Marseille, France. CMA France regularly transacts business in Norfolk, Virginia, through its "agent" CMA America. CMA France is in the business of international maritime shipping through the Port of Hampton Roads, among other places. Raja Sarkis ("Sarkis"), is employed as a Senior Vice-President of the defendant, CMA France. The defamatory statement by Sarkis alleged herein was published by Sarkis within the scope of his employment as an authorized agent of Defendant CMA France.

4. CMA France regularly holds out and represents CMA America as its "agent" in the conduct of business in Virginia.

## Venue

5. Venue is proper in this judicial district, as Sarkis and CMA France do business regularly in Norfolk, Virginia, and the cause of action arose in Norfolk, Virginia.

## Jurisdiction

6. CMA France acted directly and through its agent CMA America as to the cause of action alleged herein by transacting business in this Commonwealth, by contracting to supply services and things in this Commonwealth, by causing tortious injury in this Commonwealth by and act or omission outside this Commonwealth while regularly conducting or soliciting business, engaging in persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in this Commonwealth, and personal jurisdiction is established and exists under Va. Code. Ann. § 8.01-328.1(A). The Court's diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332(a)(2). The asserted rights and interests of the plaintiff in controversy exceed $75,000, exclusive of interest and costs.

## Facts

7. Spinelli has been employed by CMA America since 2002. Her most recent position with the company was that of Director, Credit Management. The plaintiff's performance throughout her employment for CMA America was exemplary.

8. On June 22, 2016, in a telephone call, Sarkis stated to Marc Boudron, President of CMA America, that the plaintiff was "a liar." At the conclusion of the phone call, Mr. Boudron stated to the plaintiff, "Raja [referring to Sarkis] says you are a liar" in the presence of CMA America's CFO Valerie Rainey and CMA America's Vice-President Nicholas Fafutis. On information and belief, the defamatory statement was then widely republished to numerous colleagues of Spinelli's.

9. Sarkis's statement, and its subsequent publication by Boudron and others proximately caused damage to Spinelli's business reputation and personal reputation and also caused her special damages in that the statement rendered the workplace environment intolerable and made it necessary that she resign her job at CMA America.

## COUNT I
### Defamation *per se*

10. The plaintiff herein incorporates by reference into this count all of the allegations appearing elsewhere in this Complaint.

11. The statement alleged defamed the plaintiff and was libelous *per se*, because it imputed unfitness to perform duties of office and employment for profit and want of integrity in the discharge of those duties.

12. Sarkis lacked reasonable grounds for making the statement. He made the statement not because of any belief in its truth, but because he was angered over a discounted contract fee CMA America had properly and appropriately given on a demurrage rate to Stolte Nelson USA Inc. ("Stolte"), one of CMA France's customers.

13. When Sarkis published the defamatory statement, he knew it would be heard by members of the business community in which the plaintiff works for a living. By publishing the defamatory statement, Sarkis intended to, and did, cause the plaintiff to be subjected to ridicule and contempt in her workplace. The defamatory statement permanently stigmatized the plaintiff as untruthful.

14. Malice:

    A. Sarkis acted with *common law malice* (ill will, spite, contempt, jealously, and resentment) toward the plaintiff when he said she was a liar, because he was displeased that a demurrage discounted contract fee had been extended to Stolte, not because he actually thought the plaintiff was a liar or had ever lied.

    B. Sarkis acted with *actual malice* (knowledge of falsity and reckless disregard of the truth) in that he knew Plaintiff was not a liar, had never lied about anything in her work, and because he knew Plaintiff to be an utterly truthful person.

    C. When Sarkis made the defamatory statement, he made it with actual authority of CMA France, acting as its agent, within the scope of his responsibilities as a CMA France's Senior Vice-President.

15. The statement referred to herein is defamatory *per se*, because it imputes unfitness to perform duties of office and employment for profit and want of integrity in the discharge of the duties of such office. The statement prejudices Plaintiff in her profession, tending to injure her in her employment and profession.

## COUNT II
### Defamation

16. The plaintiff herein incorporates by reference into this count all of the allegations appearing elsewhere in this Complaint.

17. The statement referred to herein has caused, is causing, and will cause the plaintiff injury to her reputation, good name, and has held and will hold her up to public scandal and ridicule, and has caused, is causing, and will cause her embarrassment, humiliation and mental suffering. The statement was calculated to, and does, hold Plaintiff up to public sworn hatred, and ridicule; by such publication Sarkis injured the plaintiff's reputation in the community at large and good standing in the community in which she lives.

### Prayer for Relief

WHEREFORE, Plaintiff, Donna Spinelli, moves this Court to enter judgment for her, against the defendant, CMA CGM S.A., in the amount of TWO MILLION DOLLARS ($2,000,000.00) as compensatory damages, plus pre-judgment and post-judgment interest at the maximum rate(s) allowed by law on the entire judgment from the date of June 22, 2016, until paid.

**Plaintiff demands a trial by jury.**

Respectfully submitted,

DONNA SPINELLI

By: _____
    Of Counsel

Jeremiah A. Denton III, Esq., VSB #19191
Rhiannon M. Jordan, Esq., VSB #78650
Jeremiah A. Denton IV, Esq., VSB #83818
Jeremiah A. Denton III, P.C.
477 Viking Drive, Suite 100
Virginia Beach, VA 23452
Tel: 757/340-3232
Fax: 757/340-4505
jerry@jeremiahdenton.com
rhiannon@jeremiahdenton.com
jake@jeremiahdenton.com